UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENA GORDON,

       Plaintiff,

                                        Case No. 13-12558
vs.                                      HON. GERSHWIN A. DRAIN

PATRICK DONOHUE,

       Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#8] AND CANCELLING MARCH 19, 2014 HEARING**

## I.    INTRODUCTION

On June 11, 2013, Plaintiff, Dena Gordon ("Gordon"), filed the instant Complaint against Defendant, Postmaster General Patrick Donohue ("Donohue"), alleging employment discrimination. Presently before the Court is Donohue's Motion to Dismiss [#8], filed on December 23, 2013. No Response was filed, and the deadline for filing a Response has long since passed. *See* E.D. Mich. L.R. 7.1(e)(1)(B). As such, any arguments in opposition that could have been asserted by Plaintiff have been waived. *See Humphrey v. United States AG Office*, 279 F.App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") Upon review of Defendant's Motion to Dismiss and the record as a whole, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the March 19, 2014 hearing is canceled.

## II.    FACTUAL BACKGROUND

Gordon is an African American female who was hired by the United States Postal Service in 1998, where she worked as a mail handler. On October 29, 2007, the Postal Service provided notice that Gordon would be terminated if she continued to fail to adhere to the Postal Service's attendance regulations. Gordon was subsequently terminated on November 30, 2007 for her attendance record. On October 29, 2012, Gordon contacted an Equal Employment Opportunity Commission ("EEOC") Counselor, asserting that on October 29, 2007, she had been discriminated against on the basis of race, age, and sex discrimination when she received the Notice of Removal from the Postal Service. Gordon further claimed discrimination based on a hostile work environment. On February 4, 2013, Gordon filed a formal EEOC complaint reasserting the aforementioned claims of discrimination. On March 8, 2013, the Postal Service issued its final agency decision, dismissing the EEOC complaint on the grounds that Gordon failed to seek EEOC counseling within 45 days of the alleged discriminatory acts, as required by 29 C.F.R. § 1614.105(a)(1).

III.   **LEGAL ANALYSIS**

A.   **Standard of Review**

FED. R. CIV. P. 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. "FED. R. CIV. P. 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The Court must accept all factual allegations in the pleadings as true. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which the [court] may take judicial notice." 2 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

However, federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Under the liberal construction afforded to *pro se* complaints, the complaints are still required to meet basic pleading essentials, *Wells v. Brown*, 891 F.2d 591, 594 (1989), and where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 F. A'ppx 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg v. Brooks*, 436 U.S. 149, 155-57 (1978)).

### B.  Gordon Failed to Timely Exhaust Her Administrative Remedies

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, and national origin, and provides the exclusive remedy in federal employment claims based on such discrimination. 42 U.S.C. § 2000e-2; *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-35 (1976). The right to bring an action in federal court under Title VII is

3

predicated upon the timely exhaustion of administrative remedies, as established by the EEOC's regulations. 42 U.S.C. § 2000e-16(c). The Sixth Circuit has held that the issue of exhaustion of administrative remedies should be treated under FED. R. CIV. P. 12(b)(6). *See Mitchell v. Chapman*, 343 F.3d 811, 819-21 (6th Cir. 2003).

Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee must initiate contact with an EEOC Counselor within 45 days of the alleged discriminating action. Gordon's discrimination claims are based on her November 30, 2007 termination date, however she did not contact an EEOC Counselor until October 29, 2012, nearly 5 years after her dismissal. Gordon's discrimination claims are therefore time barred because she failed to seek EEOC counseling concerning her termination within the required 45 day time limit. *See Hunter v. Secr'y of United States Army*, 565 F.3d 986, 993 (6th Cir. 2009).

Moreover, Gordon cannot toll the statute of limitations by relying on her union activity. In November of 2007, Gordon filed a union grievance under the terms of the collective bargaining agreement. She subsequently waited several years for the grievance to be processed by her union representatives. Gordon did not contact an EEOC Counselor until after the union withdrew her grievance and the Postal Service took her name off the employment rolls. However, the statute of limitations began to run on November 30, 2007, the effective date of Gordon's termination, not "the time at which the consequences of the [discriminatory] acts became most painful." *Delaware State College v. Ricks*, 449 U.S. 255, 258 (1980).[1] A pending grievance, or some other method of collateral review of an

---

[1] The Supreme Court has specifically held that the limitations period commences at the point the plaintiff is notified of the alleged discriminatory termination. *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

4

employment decision, does not toll the running of the limitations period. *Smith v. Potter*, 445 F.3d 1000, 1007, n.19 (7th Cir. 2006).

While in an employment discrimination case a plaintiff's failure to timely exhaust administrative remedies may be subject to equitable tolling, the relief only applies when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-611 (6th Cir. 2000); *see also Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

The evidence shows that Gordon knew, or should have known, about the 45 day limitations period. EEOC posters informing employees of the counseling requirement and time limit were placed on the employee bulletin boards in visible areas of the Detroit Bulk Mail Center–where all employees had opportunities to observe them frequently. Placement of such posters is sufficient to show that an employee had actual and constructive knowledge of the 45 day requirement. *See Clark v. Runyon*, 116 F.3d 275, 276-78 (7th Cir. 1997). There is no evidence that Gordon was prevented from timely contacting an EEOC Counselor due to circumstances beyond her control. Gordon's claims are not entitled to equitable tolling, remain time barred, and should therefore be dismissed.

### C.    Gordon's FMLA Claim is Time Barred

Gordon also claims that Donohue violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.*, during her employment by not approving FMLA leave for her. Dkt. No. 1 pg. 4. A plaintiff asserting a claim under the FMLA must bring the action

5

within two years after the date of the last alleged violation, 29 U.S.C. § 2617(c)(1), or within three years if the violation is willful, 29 U.S.C. § 2617(c)(2). Gordon filed this lawsuit in June 2013, five years after her termination from the Postal Services. Therefore, Gordon cannot satisfy the two year or three year statute of limitations and her FMLA claim will be dismissed.

### D.   Constitutional Claims

Lastly, Gordon alleges that her termination violated both the Fifth and Fourteenth Amendments of the U.S. Constitution. However, the Due Process Clause of the Fourteenth Amendment prohibits states, and not the federal government or its officers or employees, from depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. This case does not involve state action, therefore Gordon's claim under the Fourteenth Amendment is likewise subject to dismissal.

Gordon also fails to state a claim under the Fifth Amendment. Gordon's lawsuit is based solely upon an employment action taken against her by employees of the Postal Service. Title VII designates exclusive federal jurisdiction for claims of discrimination in federal employment. *See Brown*, 425 U.S. at 828-29. Gordon's Fifth Amendment claim is dismissed.

## IV.   CONCLUSION

Donohue's Motion to Dismiss [#8] is GRANTED. This cause of action is DISMISSED.

SO ORDERED.

Dated: February 28, 2014                    /s/ Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE

6

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 28, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk